JUSTICE NELSON
concurs.
¶19 I reluctantly join the Court’s Opinion because I am satisfied that the Justice of the Peace, the prosecutor and the defendant were all complicit in the “abbreviated bench trial,” “stipulated trial,” “skeletal trial” at issue. I agree with my colleagues that these sorts of sham trials should be disapproved. In such a trial, the State apparently submits just enough evidence for the trial court to render a quick guilty verdict to the end that the defendant can take an appeal for trial de novo in the District Court-where the “real trial” takes place.
¶20 While the justice courts, prosecutors and defendants may find the trial/trial de novo process a duplicitous waste of time, that is the remedy provided by Montana’s Constitution. Mont. Const, art. VII, § 4(2) (“The district court shall hear appeals from inferior courts as trials anew unless otherwise provided by law.”). Short-circuiting this legal process by use of sham proceedings simply breeds disrespect for the law and imposes additional work on the district courts and this Court. *107 This case-a relatively straight-forward DUI case-is a perfect example. The sham trial here resulted in additional proceedings in the Justice Court; required a double jeopardy hearing and decision by the District Court, in addition to the proceedings involving Barron’s plea; and ultimately resulted in an appeal to this Court solely on the double jeopardy issue.
¶21 If the trial/trial de novo procedure has outlived its utility, then, as Article VII, Section 4(2), allows, the Legislature can provide “otherwise.” It is not the prerogative of the judiciary and officers of the court to short circuit the legal remedy that the Constitution requires.
¶22 I concur.